LOUTHEN *v.* McCONKEY.

4-5474                                                           128 S. W. 2d 241

Opinion delivered May 8, 1939.

*H. A. Northcutt* and *Oscar E. Ellis,* for appellant.
*Robert N. Maxey,* for appellee.

McHANEY, J. Appellees, Hazel McConkey and Gladys Hamm, are the daughters of appellant. On April 28, 1917, he and his then wife conveyed certain properties by warranty deed to each of them. The consideration in the deed to Mrs. McConkey was: "One dollar and exchange of property ($2,000)." In the deed to Mrs. Hamm the consideration was: "One dollar and exchange of other property ($2,500)." On August 19, 1918, he filed both deeds for record and they were promptly recorded in the recorder's office in Fulton county. Twenty-one years after executing these deeds, on July 1, 1938, he filed separate suits against each of his daughters for the purpose of creating and enforcing a vendor's lien on the property conveyed in each deed, in which he made the contention that the express considerations, in the one instance of $2,000 and in the other instance of $2,500 have not been paid. He alleged that he had been in the actual possession of the property conveyed by the respective deeds from the date of their execution and he undertook to sustain the position of a mortgagee in possession. His daughters defended by way of general denial of the allegations of the complaint. They asserted that no lien was retained in the deeds and denied that appellant was entitled to a lien by reason thereof and that the lands were duly and legally conveyed to them for a valid considera-

tion. The other appellees C. B: Chrenshaw and wife, intervened in the action against Mrs. McConkey claiming title to certain property in Mammoth Springs which had been conveyed to her by appellant in his deed dated April 28, 1917, and through mesne conveyances to them by deed dated October 21, 1927. They alleged that they had been the owners of said property and in the actual possession thereof, living thereon, and paying the taxes thereon since said date and prayed, as to the property claimed by them, appellant's complaint be dismissed for want of equity, and that title thereto be quieted in them. Trial resulted in a decree for appellees, in which appellant's complaint was dismissed for want of equity and from which he has appealed.

The abstract presented by appellant is not sufficient to comply with rule 9 of this court and we would be forced to affirm for such non-compliance but for the fact that appellees have, to some extent, supplied the deficiency.

It appears from the record in this case that the land formerly belonged to appellant's first wife, the mother of Mrs. McConkey and Mrs. Hamm, and that, at the time of her death, she left a will devising the property in controversy to appellant. Sometime after the death of his first wife he married again. He and his second wife, Catherine, executed the deeds to the property in controversy. As above stated appellant wrote these deeds, had them recorded and delivered them to his daughters. Appellees testified very positively that there was no agreement on their part to pay their father any money or to exchange any property with him for the property conveyed. When we consider all the facts and circumstances connected with these conveyances, that the property came from their mother, that for twenty-one years he permitted the record title to remain in his daughters without question, that he permitted Mrs. McConkey to convey a portion of the property she received in 1920, which title passed through several grantees to interveners who have been in the actual possession of it since 1927, it is difficult to understand how the court could have failed to sustain the testimony of appellees to the effect that

these deeds were gifts to them; and that there was no agreement on their part to pay any consideration either in money or by exchange of other property. These facts and circumstances are further sustained and emphasized by certain letters written by appellant, which he has not abstracted or set out in his brief. As late as December 11, 1936, appellant executed and delivered to Mrs. Hamm the following written instrument: ''This is to certify that I, V. D. Louthen, have settled with Gladys Hamm, giving her her part of my estate in full and the home of 160 acres and what stock and feed and tools that we agreed on when she come here.''

The decree of the trial court dismissing appellant's complaint as to Mrs. McConkey and Mrs. Hamm for want of equity and in quieting and confirming the title to the property in the interveners is correct and is in all things affirmed.